O’Neal, J.
delivered the opinion of the Court.
When an administrator sues altogether in the right of his intestate, as on a contract made with him, or on a conversion of his goods in his life time, the defendant, to compel him to produce his letters of administration, must crave oyer, or plead ne unqncs administrator. If, however, he sues in his own right, and his letters of administration are part of his title, as in trover for a conversion of the intestate’s goods after his death, they must in, general be produced on the plea of the general issue, to intitle him to recover. In the first case put, if the defendant pleads the general issue, or any other plea in bar, the letters of administration need not be produced by the plaintiff, because the pleading does not question the plaintiff’s character, but his right of recovery on the merits. In the second case, they are part of the plaintiff’s title to a recovery, and the general issue, which casts upon him the proof of his whole title, of course compels him to prove that he is the administrator. Here his letters of administration become matter of substance, directly involved in the issue. In the former they are collateral, or rather precedent to the issue. 2 Stark. Ev. 4 part, 348.
In this case, it is contended, that inasmuch as the plaintiff has made profert of her letters of administration, and her representative character is not called in question by the pleadings, it is admitted by implication that she is the rightful administratrix, and the fact of her being so cannot now be questioned by the defendants. This would be true, if the case had been for a conversion of the intestate’s goods in his life time; but it is for a conversion in the time of the administratrix, and, as we have seen, her letters of administration, are part of her title, and part of the issue. No implied admission can therefore arise, of a fact not conceded, but denied by the issue, presented by the *178 defendant’s plea. Tlie plaintiff having' been in possession of the slave before he went into the possession of the defendant, could have sued without styling herself administratrix: And proof of her possession, and a conversion by the defendant, would have been prima facie evidence to sustain her case. But on its appearing that the property in the slave was in the intestate, then she was bound to showthat her possession was rightful, and as owner; and this could be done only by proof that she was the administratrix.
It is true, that if she had parted with her possession to the defendant on hire, or as a loan, he would have been estopped from denying her possession to be rightful, and her letters of administration in such a case need not have been produced. Her title to recover against the defendant, under such circumstances, would be established by his implied admission of it, arising out of tlie fact of his taking possession under her for a limited time. But in this case it appeared that the slave was tlie property of the defendant’s intestate, and how the defendant’s intestate got possession, whether in his own right, or under the plaintiff, is not perfectly clear. It was therefore incumbent on her, to prove that she was the administratrix of her intestate. This, in the first instance, she failed to do, and a nonsuit was moved for, and would have been ordered, but that the presiding Judge permitted the plaintiff to supply the deficiency, if she could.
On this part of the case two questions are made. First, could the presiding Judge, after the case was closed, and a motion for a nonsuit made, and argued, .allow this to be done 1 To sustain the negative of this question, the case of Price ads. Jenkins, 1 N. & M’C. 153, has been referred to and relied on. In that case after the testimony had been closed, and the argument had progressed, the defendant discovered a witness most material for his defence, whom he moved to be then permitted to examine. This was refused by the Circuit Court, and was held by the Constitutional Court to have been correctly refused. That case, however, is very distinguishable from this, in several particulars; there new parol proof was offered, which of course required examination and reply, and might have involved the character of the witness, and even have furnished temptation to perjury and subornation of perjury. It was not testimony in the *179 power of the party, and omitted to be given either accidentahy, or from supposing that before the Court to be sufficient. That case, too, was only a following up of the rule, long since settled in this State, that a new trial will not be granted on the ground, that parol testimony, material to the party, has been discovered since the verdict. In cases like the present, it has been a long and well settled practice, to allow a plaintiff, when evidence essential to support the issue had been omitted accidentally, or from supposing that before the Court sufficient, to adduce it even after the evidence had been closed, a motion for nonsuit made and argued, and even the opinion of the presiding Judge pronounced, in favour of the motion. The application of this rule of practice, must always be left to the discretion of the presiding Judge; though it ought never to be allowed to surprise or work any delay or loss to the defendant. I am, however, unable to see, that the discretion allowed to the presiding Judge, was improperly exercised here: For, if the plaintiff could, without delaying the Court, or the party, make out a fact, on which the proceedings themselves informed the defendant, the plaintiff did rely, and which .she had omitted to prove, from supposing that in point of law it could not be questioned ; surely she ought to have been permitted to do so. The attainment of speedy justice is one great object of a suit at law, and it would be a bad way of attaining this end, to say to a party situated as the plaintiff was, in the Court below, your case must fail, and you must begin de novo, because you did not offer evidence before you closed, which you can now obtain in a few moments.
Secondly, was the Ordinary’s record book, containing a duplicate, or record, of the letters of administration to the plaintiff, signed by the Ordinary, admissible in evidence in this case ? I am satisfied that it was properly admitted. The letters of administration are nothing more than a certificate by the Ordinary, that he has granted administration to the plaintiff. They are evidence of an act done by him, and of which his office must furnish the original. His record book is in place of a book of orders, in which the order for the grant of letters would appear. It is precisely the same thing as the book of acts of the spiritu <1 Court in England. The Ordinary here is both the Judge who makes the order, and the officer who makes out and delivers the letters. In the case of Elden administrator of Elden v, Ked *180 dell, 8 East, 187. Lord Ellenborough said, “ that it could not be questioned but that the original book of acts of the Court which was the authority for the proper officer afterwards to make out letters of administration, was proper evidence of the title of the widow. For the letters of administration were only the copy of the original minutes of the Court drawn in a more formal manner.” In Grimke’s Law of Executors, 196, it is said, that the plaintiff may shew that he is the administrator, by producing the book of the spiritual Court, containing the order for the grant of the letters of administration to him. These authorities would of themselves be sufficient to sustain the admissibility of the evidence: But when it is recollected, that it is also sustained by a well settled practice, coeval with the judicial tribunals of this State, it will not admit of being now questioned. To prove the book, it was not necessary that the Ordinary himself should have been introduced as a witness; any one who could prove his signature, and that the book offered in evidence was his original record book, was sufficient. The evidence thus supplied, being competent, shewed the grant of administration to the plaintiff, and made out her title to the slave. ' The motion for a nonsuit or new trial is therefore refused.